## Commonwealth v. Cost

*Lee C. McCandless*, for Commonwealth.

*Thomas H. Greer*, for defendant.

WILSON, P. J., March 26, 1938.—The Commonwealth, in a bill of indictment, charges defendant with advertising, offering to sell, or selling at retail Anacin tablets below cost, which is a misdemeanor. Defendant waived trial by jury and consented to be tried by the court.

From the evidence in the case we find the following facts:

1. Defendant is part owner and general manager of a retail drug store, located at the corner of Main and Jefferson Streets in the City of Butler.

2. The manufacturer of Anacin tablets sells the same to wholesalers, jobbers, and retailers, in three kinds of containers only, to wit: 12 tablets in a tin box advertised to sell at 25 cents; 50 tablets in a glass bottle, and 100 tablets in a glass bottle.

3. The cost to retailers, in the Butler district, of 12 tablets in a tin box is slightly over 14 cents; the cost per tablet, if purchased by the retailers in bottles containing 50 or 100 tablets, is less than two thirds of a cent.

4. Defendant placed 12 tablets, taken from bottle containers, in a paper box and advertised the same for sale at 12 cents per box. The advertisement appeared in the Butler Eagle, a daily newspaper of general circulation, in the issue of March 3, 1938, to wit, "Anacin Tablets, 25 cent box 12 cents." The cost to defendant of the 12 tablets and container was a fraction over 9 cents.

Section 3 of the Act of July 1, 1937, P. L. 2672, provides:

"Any retailer who shall advertise, offer to sell, or sell at retail, any merchandise at less than cost to the retailer, as defined in this act . . . shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not more than five hundred dollars ($500)."

### Conclusions of law

1. The advertisement published by defendant was so formed as to lead the readers to believe that defendant was selling 12 Anacin tablets in a tin box, such as was extensively advertised by the manufacturer by radio and otherwise as being on sale by retail dealers generally at 25 cents per box, and which cost retailers in the Butler district 14 cents per box, but which as boxed by defend-

ant cost him only slightly more than 9 cents per box, and which he sold at 12 cents per paper box.

2. The provisions of this act of assembly are in derogation of the common law and must be strictly construed.

3. We are convinced that the advertisement published by defendant and sales made thereunder violated the spirit, intent, and purpose of the act, but are not convinced that the evidence in this case is sufficient to convict defendant of a violation of the letter of the act, and for this reason must find him not guilty.

### Judgment

Now, March 26, 1938, we adjudge defendant not guilty. Costs of prosecution to be paid by Butler County.